**C. N. BRAGG et al.**

v.

**ROBERTSHAW CONTROLS COMPANY, FULTON SYLPHON DIVISION et al.**

**Civ. A. No. 7694.**

United States District Court, E. D. Tennessee, N. D.

March 17, 1972.

Sizer Chambliss, Phillip A. Fleissner, Chattanooga, Tenn., for plaintiffs.

Frederick D. McDonald, Knoxville, Tenn., for Int'l. Assn. of Machinists.

Robert S. Young, McCampbell, Young, Bartlett & Woolf, Knoxville, Tenn., Joseph A. Howell, Jr., Robert E. Sweaney, Francis V. Lowden, Jr., and Paul M. Thompson, Richmond, Va., for Robertshaw.

Bernard Kleiman, Gen. Counsel, Pittsburgh, Pa., Michael Gottesman, Bredhoff, Barr, Gottesman, Cohen & Peer, Washington, D. C., Cooper, Mitch & Crawford, Birmingham, Ala., B. R. McGee, Lee, McGee, Garrett & Chandler, Knoxville, Tenn., for United Steelworkers.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This case arose under the Civil Rights Act of 1964, Section 706, 42 U.S.C.A. Section 2000e–5. The four plaintiffs are employees of the Fulton Sylphon Division of Robertshaw Controls Company, but the action is brought in behalf of themselves and all other Negro employees similarly situated. They seek an order declaring that the departmental seniority rules as established and enforced by the defendants are in violation of the Civil Rights Act of 1964, Section 706, 42 U.S.C.A. Section 2000e–5, and a writ directing the elimination of such a rule. Defendant moved for an order permitting it to transfer ten members of the affected class to jobs in other departments without loss of their seniority for purposes of lay-off. Defendant also moved for an order defining the class as "[a]ll negro bargaining union employees hired by the Company into the Service Department prior to July 1, 1965, who presently hold departmental seniority in the Service Department." An order was entered defining the class as "all negro bargaining union employees hired by the Company into the Service Department prior to July 1, 1965, who presently hold departmental seniority in the Service Department."

Oral argument was recently heard, at which time the attorneys stated that they would stipulate all material facts so that the matter could be submitted to the Court for decision without an evidentiary hearing. A written stipulation has been made. The stipulation shows that defendant employs approximately 900 persons, excluding administrative and clerical employees, and that the op-

eration involves twenty-six separate departments, each engaged in a particular type of work and employing persons of particular skills. That the employees are represented by two unions, the defendant Local Union No. 5431, United Steelworkers of America, which is the bargaining agent for approximately 800 employees, and the defendant International Association of Machinists and Aerospace Workers, Lodge No. 555, whose bargaining unit is composed of approximately 90 employees. That under the terms of the collective bargaining agreements with the Machinists and the Steelworkers, eligibility for promotion and exposure to layoff are governed by departmental seniority, rather than by total length of service with the Company. Under these provisions, an employee who transfers to a different department forfeits his seniority in the department from which he transfers and enters the new department at the bottom of the seniority list. That one department in the plant is the Service Department, which has existed as a separate department since May 30, 1943. Before July 1, 1965, the effective date of the Civil Rights Act of 1964, the Service Department was constituted entirely of members of the Negro race. The strength of the Service Department during this period was approximately forty employees. The other departments were constituted almost entirely of members of the white race. The first white employee hired in the Service Department was employed on May 9, 1966. The work in the Service Department is generally less skilled and, consequently, lower paid than the work in other departments. Several of the employees in the Service Department contend in this case that the discriminatory hiring practices prior to 1965 resulted in their being isolated in the Service Department from which they cannot transfer to other departments without loss of seniority rights, and that were it not for the contract provisions they would transfer to other departments where there is opportunity to obtain more desirable positions

and higher pay than can be obtained in the Service Department. Ten members have expressed a desire to transfer from the Service Department to positions in other departments in the plant. Each employee has extensive length of service with the Company. Each employee has at least nineteen years service in each case, but should they transfer under the departmental seniority rules, their seniority would be forfeited if the transfers are made strictly in accordance with the bargaining agreement. Two members of the class desire to transfer into positions of Machinists' jurisdiction. The remaining eight desire to transfer into other departments within the Steelworkers' jurisdiction. The Company and the Machinists are willing to allow each of the employees transferring from the Service Department to have seniority in his new department based on his total length of service with the Company for the purpose of protection against layoff, notwithstanding the provisions of their current bargaining agreements. The defendant Steelworkers agree with the plaintiffs' contention that the present effect of the department seniority provisions is violative of the Civil Rights Act of 1964, as applied to members of the affected class. However, the Steelworkers oppose the granting of plant-wide seniority for protection against layoff to only the ten members of the affected class. The Steelworkers contend that plant-wide seniority should be imposed for all purposes with respect to all employees within the Steelworkers bargaining unit.

The Court concludes as follows:

1. The Court has jurisdiction over the instant action by virtue of § 707 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–6(b).

2. Defendant Company is an employer within the meaning of 42 U.S.C. § 2000e(b), and is engaged in industry affecting commerce within the meaning of 42 U.S.C. § 2000e(h).

Defendant unions are labor organizations within the meaning of 42 U.S.C. §

2000e(d), and are engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 2000e(h). The unions are proper parties because the relief prayed for regarding seniority, if granted, necessarily affects their contracts with the Company.

■ 3. The Company's practices of assigning and restricting black employees into the Service Department prior to July 1, 1965 constituted racial discrimination against those employees. The system of granting promotions on a basis of departmental seniority continues the effect of that past discrimination, and is therefore unlawful in that those employee-plaintiffs transferred into new jobs are perpetually beneath white employees who have a shorter length of total service with the Company. These white employees have thus been able, solely because of their race, to accumulate seniority on jobs enabling them to progress to higher paying jobs, while plaintiffs, solely because of their race, have been prevented from accumulating such seniority. The present effect of this past practice makes plaintiffs unsuccessful in bidding against white employees for higher paying, formerly all-white jobs and is therefore a "term, condition or privilege of employment" that discriminates against plaintiffs on the basis of race in violation of 42 U.S.C. § 2000e–2(a). Local 189, United Papermakers & Paperworkers v. United States, 416 F.2d 980 (C.A. 5, 1969), cert. den. 397 U.S. 919, 90 S. Ct. 926, 25 L.Ed.2d 100.

4. Departmental seniority is a structural impediment which delays or bars attainment by qualified plaintiffs of jobs generally as good as those held by their white contemporaries, and must be removed.

■ 5. The system of departmental seniority, which originated prior to July 1, 1965 and prior to the effective date of the Civil Rights Act of 1964, is unlawful because Negro employees in the Service Department who seek to transfer out of traditionally "black" jobs in the Service Department are forced to forfeit security against layoff in the event of a reduction in force. Robinson v. Lorillard Corp., 444 F.2d 791 (C.A.4, 1971); Local 189, United Papermakers v. United States, 416 F.2d 980 (C.A.5, 1969); Long v. Georgia Kraft Co., 450 F.2d 557 (C.A.5, 1971); United States v. Bethlehem Steel Co., 446 F.2d 652 (C.A.2, 1971); United States v. Virginia Electric & Power Co., 327 F.Supp. 1034 (E.D.Va., 1971).

6. This discriminatory hiring practice began prior to July 1, 1965, the effective date of the Civil Rights Act.

7. It is accordingly Ordered that the following employees be transferred as soon as practicable to the departments indicated:

| | |
|---|---|
| Melvin E. Fitzgerald | Tool Room |
| Edward J. Card | Maintenance |
| Alfred L. Jones | Stainless Steel |
| Herbert L. Underwood | Punch Press |
| Herman H. Dansby | Corrugating |
| Clarence N. Bragg | Protection |
| James T. Walters | Carpenter Shop |
| Samuel Davis | Regulator |
| Alfred W. Jones | Inspection |
| James R. Black | Inspection |

with seniority based on total length of service with the Company for the purpose of protection against layoff.

■ The Steelworkers position is untenable since the lawsuit is concerned with racial discrimination against a few named employees of the defendant Company. The Steelworkers contend that plant-wide seniority should be imposed for all purposes and with respect to all employees within the Steelworkers bargaining union. This raises an entirely different issue from that raised in the complaint. This issue is a matter for collective bargaining between the parties and not for the Court in this case.